UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURIE L. ERWIN,

        Plaintiff,

v.                                                                                  Case No. 5:05-CV-12
                                                         Hon. Wendell A. Miles
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

                                          /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

Plaintiff was born on April 14, 1965 and graduated from high school (AR 93, 118).[1] She stated that she became disabled on August 7, 1997 (AR 93). Plaintiff had previous employment as a cashier, shelf stocker, nurse's aide, and restaurant hostess (AR 125). Plaintiff identified her disabling conditions as diabetes, thyroid cancer, numbness from elbow to fingertip, numbness from knees to toes, carpal tunnel syndrome, an inability to stand for a long period of time, pregnancy and knee surgery (AR 112).

Plaintiff filed her claim for DIB on March 8, 1999, alleging a disability onset date of August 7, 1997 (AR 30). Her claim was denied initially (AR 30). In a hearing decision dated May 25, 2000, administrative law judge (ALJ) William J. Musseman found that plaintiff was disabled as

---

[1] Citations to the administrative record will be referenced as (AR "page #").

of October 6, 1999 (AR 30, 60). Plaintiff appealed the decision, because she felt that the onset date was established as of August 7, 1997. In an order entered February 13, 2003, the Appeals Council remanded this matter for an evidentiary hearing to consider the issue of disability prior to October 6, 1999 (AR 30, 84). The Appeals Council gave the following instructions on remand:

> The [ALJ's] decision indicates that the claimant needed to alternate sitting and standing, but is not specific as to the need. As explained in Social Security Ruling 96-9p, where the need to alternate sitting and standing cannot be accommodated by scheduled breaks and the lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts of the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. <u>The residual functional capacity assessment must be specific as to the frequency of the need to alternate sitting and standing.</u>
>
> In addition, the hearing tape has been certified as lost. Therefore, the record is incomplete.
>
> Upon remand the Administrative Law Judge will take appropriate action to resolve the issue(s) cited above and any other issues which the Administrative Law Judge finds to be appropriate, in accordance with the applicable Social Security Administration regulations and Rulings.

(AR 84-85) (emphasis added).

On remand, ALJ Larry Meuwissen characterized the issue as whether plaintiff was entitled to DIB prior to October 6, 1999 (AR 31). The ALJ reviewed plaintiff's claim *de novo* and entered a decision denying this claim on October 22, 2003 (AR 30-37). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C.

2

§405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she

>    is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that she had not engaged in substantial gainful activity during the pertinent period, August 7, 1997 through October 6, 1999 (AR 35). Second, the ALJ found that plaintiff suffered from severe impairments of diabetes, status post thyroidectomy and obesity (AR 32). At the third step, the ALJ found that plaintiff did not have an impairment or combination of

4

impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 36). The ALJ decided at the fourth step that prior to October 6, 1999 plaintiff had the residual functional capacity (RFC) as follows:

> Based on this record, I have determined that prior to October 6, 1999, the record does not include any objective medical findings that would indicate that the claimant could not have perform[ed] a limited range of sedentary work, with no prolonged standing or walking (not greater than 2 hours total in an 8 hour work day); the ability to either sit or stand at her option during her job duties; and no repetitive bending, twisting, turning, pushing, pulling, gripping or grasping, no climbing, crawling[,] squatting, no kneeling; no work around dangerous moving machinery or unprotected heights and no use of air, vibratory or torque tools.
>
> This finding is consistent with the Appeals Council Order regarding the claimant's need to perform a sit/stand option while performing her job duties. <u>The claimant is able to perform work which permits sit/stand option during an 8 hour work day solely at her discretion.</u>

(AR 33) (emphasis added). The ALJ further concluded that plaintiff was unable to perform her past relevant work (AR 36).

At the fifth step, the ALJ determined that prior to October 6, 1999, plaintiff was capable of performing a significant range of sedentary work (AR 36). Specifically, the ALJ found that an individual with plaintiff's limitations could perform the following jobs in Michigan: visual inspector (1,400 jobs); security monitor (2,000 jobs); telephone sales (3,500 jobs); and cashier (3,000 jobs) (AR 36). The ALJ also found plaintiff's allegations regarding her limitations were not totally credible (AR 21). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act prior to October 6, 1999 and entered a decision denying benefits (AR 36-37).

### III. ANALYSIS

Plaintiff raises four issues on appeal.

**A.     Did the ALJ base his decision on the substantial evidence of the whole record in denying disability benefits?**

**B.     Did the ALJ err when finding the claimant lacked credibility?**

The court agrees with defendant that plaintiff's "specific challenges to the RFC determination, however, are unclear as [p]laintiff appears to discuss a case different from her own." Defendant's Brief at 11. Plaintiff's arguments that the ALJ's decision is unsupported by substantial evidence include erroneous citations to the ALJ's opinion. Plaintiff's Brief at 21-23. For example, plaintiff states:

> With respect to Plaintiff's residual functional capacity, the ALJ determined that from September 9, 1998, through May 14, 2002, Plaintiff retained the capacity to perform "a significant range of sedentary work." (TT 23). The ALJ further concluded that "as of May 15, 2002, [Plaintiff's] impairments significantly compromise her ability to physically or mentally sustain any type of work activities on a regular basis." (TT 24).

Plaintiff's Brief at 21. The ALJ made no such determination. The present case involves the issue of whether plaintiff was disabled from August 7, 1997 through October 6, 1999 (AR 30). In this regard, the ALJ found that plaintiff "had the residual functional capacity to perform a significant range of sedentary work prior to October 6, 1999" (AR 36). The transcript pages referenced in plaintiff's brief contain a page from plaintiff's counsel's letter to the Appeals Council (AR 23) and a "Request for review of hearing decision/order" (AR 24).

Plaintiff also cites a lengthy passage purported to be from the ALJ's decision citing "TT 32-33.". Plaintiff's Brief at 22. However, this passage is not from the present case. Finally,

plaintiff's brief makes conclusory statements that the ALJ's decision is wrong, based upon a quote from the inapplicable ALJ decision. *Id.* at 22-23. In short, it appears that counsel briefed the wrong case. Although defendant pointed out the extensive mis-citations that appear in plaintiff's brief, plaintiff's counsel did not file a reply brief to explain these errors. Accordingly, the court rejects plaintiff's arguments as irrelevant.

Nevertheless, upon an independent review of the record, the court concludes that the ALJ's decision is supported by substantial evidence. The ALJ adopted the medical summary as set forth in the previous decision (May 25, 2000) (AR 33, 50-60). The ALJ noted that the only new medical evidence submitted by plaintiff's counsel regarding her condition prior to October 6, 1999, involved two hypoglycemic reactions (AR 33). The reactions occurred on August 11, 1997 and April 30, 1998 (AR 33). The ALJ found that these two incidents occurred nine months apart and were not work preclusive (AR 33). Plaintiff underwent a total thyroidectomy on September 27, 1997 (AR 33). In June 1998, plaintiff's oncologist reported that she had "no specific complaints" and that her "energy levels were normal" (AR 33, 236). In July 1998, Mark D. Lebeda, M.D., of Mid Michigan Ear, Nose & Throat reported that plaintiff was "doing fairly well" (AR 237). Plaintiff became pregnant with twins in January 1999 (AR 33). In May 1999, plaintiff's treating physician, Dr. TePastee, stated that plaintiff had not had any hypoglycemic episodes lately, had a satisfactory grip, and some low back and hip pain (AR 33). However, plaintiff was able to move her hips reasonably well (AR 33). In July 1999, during her pregnancy, plaintiff stated that she was caring for her family, fixing meals and working around the house (AR 145-48). Then, in August 1999, Anthony J. Meier, M.D. performed a consultative examination of plaintiff (AR 254-56). Dr. Meier reported that plaintiff, who was 7 1/2 months pregnant at the time, was able to push, pull, button

clothes, tie shoes if she can reach them due to her obesity, dress and undress, dial a telephone, open a door, make a fist, pick up a coin, pick up a pencil, write, squat and climb stairs (AR 33, 255). The doctor noted that plaintiff had mild decrease in flexion due to her pregnancy and could not flex to 90 degrees due to the obesity (AR 255).

The ALJ found that "the claimant's lack of medical treatment prior to October 6, 1999 as well as her daily activities clearly reflect that she could have at least performed the restricted range of sedentary work delineated above" (AR 33). The ALJ acknowledged that plaintiff suffered "rare hypoglycemic attacks and some mild back pain, but there was at no time a continuous 12 month period where she was completely disabled or at le[a]st unable to perform the minimal requirements of a sedentary job with a sit/stand option at will" (AR 33). The ALJ further noted that plaintiff was pregnant with twins throughout 1999, but that her medical record did not document any particular problems during her pregnancy (AR 33-34).

In determining plaintiff's RFC, the ALJ severely restricted the type of sedentary work to be performed by plaintiff. The ALJ adopted the RFC as determined by ALJ Musseman, with an additional limitation that plaintiff "is able to perform work which permits sit/stand option during an 8 hour work day solely at her discretion" (AR 33). Based on this record, the court concludes that the ALJ's decision denying benefits prior to October 6, 1999 is supported by substantial evidence.

        **C.**        **Did the ALJ err in failing to ask hypothetical questions based on the impairments and failed to accept the opinion of the Vocational Rehabilitation expert that based upon the ALJ's hypothetical and the impairments found by the treating doctor, the claimant was not employable, if found to be credible?**

        **D.**        **Did the ALJ upon remand follow the orders of the Appeals Council?**

Plaintiff also contends that the ALJ failed to ask hypothetical questions based upon all of the materials in the record and that the ALJ failed "to determine the extent of the erosion from her ability to work in an alternate sitting standing position" and "to determine the residual functional capacity and [b]e specific as to frequency and need to alternate sitting and standing" as directed by the Appeals Council's order of remand. Plaintiff's Brief at 24. Plaintiff's contentions are without merit.

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a vocational expert (VE) in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

The ALJ's first hypothetical question posed to the VE assumed the restrictions as set forth in the RFC (AR 441). As the court previously discussed, this RFC determination for a limited range of sedentary work is supported by substantial evidence. Given these restrictions, the VE testified that such an individual could perform 14,000 jobs (AR 441-42). The ALJ's second hypothetical question added an option to sit and stand "fully discretionary as a person may deem necessary to relieve pain or discomfort" (AR 442). Given this additional limitation, the VE reduced the 14,000 identified jobs to 9,900 jobs (AR 441-42). By adding this limitation of a "fully discretionary" sit/stand option, the ALJ complied with the Appeals Council's direction that, on remand, "[t]he residual functional capacity assessment must be specific as to the frequency of the need to alternate sitting and standing" (AR 84). Accordingly, the ALJ did not commit error on remand.

**IV.    Recommendation**

I respectfully recommend that the Commissioner's decision be affirmed.

Dated:  January 23, 2006                               /s/ Hugh W. Brenneman, Jr.
                                                       Hugh W. Brenneman, Jr.
                                                       United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).